IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARVIN L. KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:03cv626-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following a fully favorable decision by an administrative law judge ("ALJ") which approved applications by Marvin L. Kelley ("Kelley"), for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, the Appeals Council reviewed the case and concluded Kelley was not entitled to either form of benefits. The decision by the Appeals Council became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the

Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Kelley was born in 1966 and has a high school education. His past relevant work was

as a cloth coordinator at a clothing manufacturer. Kelley did not engage in substantial gainful activity from June 14, 1997, the alleged onset date of disability, through his return to work on August, 26, 1998.

The ALJ found Kelley credible and gave his testimony significant evidentiary weight.[1] The ALJ also found Kelley was unable to perform sustained work activities in an ordinary setting due to a fractured ankle, and was unable to perform his past relevant work.[2] Hearing testimony revealed Kelley was medically cleared for light work with specified restrictions, but he nonetheless attempted to perform his previous work, which was beyond his residual functional capacity.[3] The ALJ noted Kelley's two unsuccessful attempts to work during the application period.[4] Kelley was determined to have been disabled from date of injury through his permanent return to work.

The Appeals Council notified Kelley of its decision to review the decision in his case.[5] The Council found Kelley was impaired by his fractured ankle and limited to light work.[6]

---

[1] R. at 26.

[2] R. at 27-28.

[3] R. at 39, 41-44.

[4] R. at 26, 46-47.

[5] R. at 19-20. The record contains two Appeals Council decisions - one issued on March 15, 1999, and a second issued on April 14, 2003. The latter decision was issued after remand from this court in Case No. 3:99-cv-494-SRW. Though the findings in each decision are virtually identical, this decision refers to the 2003 decision as the Commissioner's final determination.

[6] R. at 11.

It also determined Kelley did not have any impairment or combination of impairments which had more than a minimal effect on his ability to do any work activity for a 12-month period, and therefore did not meet the duration requirements for disability under the Act.[7]

### III.  ISSUE

Kelley specifies a single issue for judicial review:[8]

> Whether the Appeals Council, on behalf of the Commissioner, improperly substituted its own credibility findings for that of the ALJ.

### IV.  DISCUSSION

**<u>The Appeals Council did not err in finding Kelley's impairment failed to meet the duration requirement of the Act.</u>**

Kelley argues the Appeals Council improperly substituted its credibility findings for those of the ALJ. He contends this was error, as the Council did not consider the non-exertional impairment of severe pain, and the impact of that pain upon his ability to work. The Commissioner responds the Council's reversal of the ALJ's decision was based upon substantial evidence.

Kelley terms the Council's decision as one based upon the credibility findings by the Council. Although the Council found Kelley's subjective complaints "credible to the extent that they support a conclusion that he could have performed only limited light duty work

---

[7]R. at 11.

[8]*See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #20, filed July 2, 2007) *and* Order filed June 25, 2003 (Doc. #2) (directing Plaintiff to submit a brief in support of claim(s) and to include in that brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

activities," it concluded his impairment had not "precluded all substantial gainful activity for a continuous period of at least 12 months. . . ."[9]  The Council specifically stated its determination was based on record evidence indicating Kelley could perform light duty work as of September 24, 1997.[10]  The Court notes this medical release from Dr. Graham Howarth, Kelley's treating physician, limited Kelley to work and basketball activity which he could tolerate.  Two weeks after this clearance, Kelley complained to Dr. Howorth of continued pain while attempting to perform his former work, and Dr. Howorth specified "light duty work," with limitations on Kelley's standing and lifting abilities.[11]

The medical release for Kelley to perform work "as tolerated," in September, 1997, and "light work" in October, 1997, fell within one year of the onset date of disability.  The Act requires a severe impairment to either last or be expected to last for at least 12 months. *Barnhart v. Walton*, 535 U.S. 212, 216, 122 S.Ct. 1265 (2002); *see also* 20 C.F.R. § 404.1520.  Kelley's testimony before the ALJ shows he repeatedly tried to perform work for which he was not cleared, with physical demands he could not meet.[12]  The ALJ specifically noted Kelley attempted to perform work beyond his physical limitations.[13]  The record demonstrates Kelley's impairment did not preclude light work within one year of his initial

---

[9] R. at 11.

[10] R. at 10, 227.

[11] R. at 225.

[12] R. at 39, 41-44.

[13] R. at 43.

impairment, and he did not meet the requirements for benefits under the Act.

The Appeals Council's determination in Kelley's case is supported by substantial evidence, and this court finds no error in the decision.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the Appeals Council's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 11th day of September, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE